UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERMAINE DAWKINS,

                         Plaintiff,

                v.                                      9:04-CV-0943(GTS/GJD)

DR. WHALEN, Head Physician; and
MRS. T. DOWNER, Acting Nurse Administrator,

                         Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

JERMAINE DAWKINS, No. 48143-054
  Plaintiff, *Pro Se*
FCI McKean
PO Box 8000
Bradford, PA 16701

HON. ANDREW M. CUOMO                     JAMES SEAMAN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action are Defendants' motion for summary judgment (Dkt. No. 61), and the Report-Recommendation of United States Magistrate Judge Gustave J. DiBianco that Defendants' motion be granted (Dkt. No. 65). Plaintiff has not filed any objections to the Report-Recommendation, despite having been granted an extension of time in which to do so. (Dkt. No. 67.) For the reasons set forth below, the Report-Recommendation is accepted, and Defendants' motion is granted.

## I. BACKGROUND

### A. Plaintiff's Amended Complaint

On August 9, 2004, Plaintiff Jermaine Dawkins ("Plaintiff"), a prison inmate, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On March 6, 2006, he filed an Amended Complaint. (Dkt. No. 33.) Generally, his Amended Complaint alleges that four employees of Bare Hill Correctional Facility in Malone, New York ("Bare Hill C.F.") were deliberately indifferent to his serious medical needs under the Eighth Amendment between approximately June of 2003 to July of 2004, when they failed to properly treat an injury he sustained to his left ring finger. (*Id.*) On March 29, 2007, Plaintiff's claims against two of these four employees were dismissed, by Order of Senior District Judge Lawrence E. Kahn. (Dkt. No. 44.) Remaining in this case were Plaintiff's claims against Dr. Timothy E. Whalen (a physician) and Terri Downer (a nurse administrator). (Dkt. Nos. 33, 41, 44.)

### B. Defendants' Motion and Magistrate Judge's Report-Recommendation

On February 29, 2008, Defendants moved for summary judgment with regard the aforementioned remaining claims. (Dkt. No. 61.) On April 21, 2008, Plaintiff opposed Defendants' motion (after receiving an extension of time in which to do so). (Dkt. No. 63.) On September 18, 2008, Magistrate Judge DiBianco issued a Report-Recommendation recommending that Defendants' motion be granted, and that Plaintiff's Amended Complaint be dismissed in its entirety. (Dkt. No. 65.) Familiarity with the grounds of Magistrate Judge DiBianco's Report-Recommendation is assumed in this Decision and Order. (*Id.*)

On September 25, 2008, Plaintiff requested an extension of the deadline by which he had to file objections to Magistrate Judge DiBianco's Report-Recommendation. (Dkt. No. 67.) On

October 2, 2008, the Court granted Plaintiff's request, extending his response deadline to January 5, 2009. (*Id.*) Despite receiving this extension, Plaintiff has not filed any objections to the Report-Recommendation. (*See generally* Docket Sheet.)

## II.     ANALYSIS

### A.     Clear-Error Review of Report-Recommendation

For the sake of brevity, the Court will not recite the well-known legal standard of clear error that governs the review of a magistrate judge's report-recommendation to which a party has made no objection, pursuant to 28 U.S.C. § 636(b)(1)(C). Rather, the Court will merely refer the parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008) (Suddaby, J.), which recites that legal standard. After carefully reviewing all of the papers in this action, including Magistrate Judge DiBianco's Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous. (Dkt. No. 65.) Magistrate Judge DiBianco employed the proper legal standards, accurately recited the disputed material facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court adopts the Report-Recommendation. (*Id.*)[1]

### B.     Alternative Ground for Dismissal: Failure to Notify Court of Address

The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute (or failure to obey a court order) under Fed. R. Civ. P. 41(b):

---

[1]     The Court notes that the Report-Recommendation would survive even *de novo* review.

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

Here, after carefully weighing these five factors, the Court concludes that, even if the dismissal of Plaintiff's Amended Complaint were not warranted for the reasons stated above in Part II.A. of this Decision and Order, that dismissal would be warranted as a sanction for failure to prosecute (or failure to obey a court order) under Fed. R. Civ. P. 41.  On or before October 8, 2008, Plaintiff was apparently released from custody of the FCI McKean in Bradford, PA.  (*See* Dkt. No. 67 [Letter from Plaintiff dated 9/25/08 stating he was scheduled to be released from prison on 12/9/08]; Dkt. No. 68 [Notice that Order of Court, assigning undersigned as district judge in this action, was returned as undeliverable on or about 10/8/08].)  However, he has failed to notify the Clerk of this Court of his current address.  (*See generally* Docket Sheet.)

Applying the five factors recited above, the Court finds that the duration of Plaintiff's failure is some four months, having begun on or about October 8, 2008.  Generally, durations of such time are sufficient to weigh in favor of dismissal.  *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

Plaintiff clearly received adequate notice that the failure in question would result in dismissal of his action.  On August 19, 2004, the Court issued an Order directing Plaintiff to

keep the Clerk's Office apprised of his current address and that a failure to do so would result in dismissal of the action. (Dkt. No. 3, at 4.) Moreover, Plaintiff filed change-of-address notices with the Court on three occasions: February 8, 2005; May 20, 2005; and January 30, 2006. (Dkt. Nos. 6, 17, 31.) Such filings indicate that Plaintiff was, and is, fully aware of his obligations under Fed. R. Civ. P. 41(b), and Local Rules 10.1(b)(2) and 41.2(b) of the Local Rules of Practice for this Court. *See also* U.S. District Court for the N.D.N.Y. *Pro Se* Handbook, at 43, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf [last visited Jan. 28, 2009].[2]

The prejudice posed to Defendants by Plaintiff's failure is exacerbated by the age of the case and number of events giving rise to Plaintiff's claims. Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State DOCS), and the preservation of evidence. *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

Under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. Finally, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances, especially given the fact that any Order issued by the Court admonishing Plaintiff for his dilatory conduct would likely never reach him.

---

[2] The Court notes that, to assist *pro se* litigants, the Clerk of the Court has provided to all correctional facilities in New York State copies of the Northern District's *Pro Se* Handbook and the Local Rules of Practice for this Court.

For these reasons, in the alternative, the Court dismisses Plaintiff's Amended Complaint as a sanction under Fed. R. Civ. P. 41(b) for failing to notify the Court of his current address.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 65) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 61) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 33) is **DISMISSED** in its entirety.

Dated: January 28, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge